**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-7297**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JAMAL DONTAE BURNELL,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:17-cr-00132-LRL-1)

Submitted: February 18, 2021          Decided: February 23, 2021

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jamal Dontae Burnell, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Dontae Burnell appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. We vacate the court's order and remand for further proceedings.

Motions for compassionate release may be filed by the Director of the Bureau of Prisons (BOP) and, after the passage of the First Step Act, by "the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). "[A] court may reduce a defendant's sentence if the court finds that extraordinary and compelling reasons warrant such a reduction and that the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and if the [18 U.S.C.] § 3553(a) sentencing factors merit a reduction." *McCoy*, 981 F.3d at 275 (alterations and internal quotation marks omitted).

The district court determined that Burnell could bring a motion on his own behalf because the warden of his facility had failed to respond to his request for compassionate release within 30 days. The court, however, concluded that Burnell had failed to identify extraordinary and compelling reasons for granting his motion. In so ruling, the court stated that it was bound by the Sentencing Commission's definition of extraordinary and

2

compelling reasons outlined in U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1, p.s., which do not cover the circumstances described in Burnell's motion.

We have recently held, however, that USSG § 1B1.13, p.s., is not an applicable policy statement in the context of a motion for compassionate release filed by an inmate and, thus, does not circumscribe the category of extraordinary and compelling reasons a district court may consider in granting an inmate's motion for compassionate release. *McCoy*, 981 F.3d at 280-83. In fact, "the Commission has yet to issue a policy statement that applies to motions filed by defendants under the recently amended § 3582(c)(1)(A)." *Id.* at 275. District courts, therefore, may "consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (internal quotation marks omitted).

Because the district court did not have the benefit of *McCoy* when it denied Burnell's motion for compassionate release, we vacate the court's order and remand for further consideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*